UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEYOND COMICS, INC. and GRAIG F. WEICH,

          Plaintiffs,

v.

KONAMI DIGITAL ENTERTAINMENT CO., LTD., KONAMI DIGITAL ENTERTAINMENT, INC., NIHON AD SYSTEMS, INC., UPPER DECK COMPANY, 4 KIDS ENTERTAINMENT, INC., and 4 KIDS PRODUCTIONS,

          Defendants.

08 Civ. 3524 (JSR)

**ANSWER OF DEFENDANT NIHON AD SYSTEMS, INC.**

Defendant Nihon Ad Systems, Inc. by its undersigned attorneys answer the Complaint ("Complaint") of Beyond Comics, Inc. and Graig F. Weich as follows:

1. Denies each and every allegation set forth in paragraph 1 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to plaintiffs' purported status as copyright holders in graphic illustrations, sculptures, photographs and comic book drawings titled "Ravedactyl" and admits that Elemental Hero Air Neos is a character in the "Strike of Neos" set of the Yu-Gi-Oh! trading card system, in certain video games and in certain television shows.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Denies each and every allegation set forth in paragraph 4 of the Complaint, except admits that Plaintiffs purport to base jurisdiction on the Copyright Act of 1976.

735914

5. Denies each and every allegation set forth in paragraph 5 of the Complaint, except admits that Plaintiffs allege that venue is proper based on their domicile and place of business.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Denies each and every allegation set forth in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies each and every allegation set forth in paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations whether Ravedactyl has been copyrighted.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Admits the allegations set forth in paragraph 26 of the Complaint, except denies knowledge or information to form a belief as to the truth of the allegations concerning the number of copies of the magazine *Shonen Jump* that have been sold.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint,

32. Denies each and every allegation set forth in paragraph 32 of the Complaint.

33. Denies each and every allegation set forth in paragraph 33 of the Complaint.

34. Denies each and every allegation set forth in paragraph 34 of the Complaint, except admits that Yu-Gi-Oh! trading cards are sold in individual packets each containing nine (9) cards.

35. Denies each and every allegation set forth in paragraph 35 of the Complaint.

36. Denies each and every allegation set forth in paragraph 36 of the Complaint.

37. Denies each and every allegation set forth in paragraph 37 of the Complaint.

38. Denies each and every allegation set forth in paragraph 38 of the Complaint.

39. Admits the allegations set forth in paragraph 39 of the Complaint.

40. Denies each and every allegation set forth in paragraph 40 of the Complaint.

41. Denies each and every allegation set forth in paragraph 41 of the Complaint.

42. Denies each and every allegation set forth in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45. Denies each and every allegation set forth in paragraph 45 of the Complaint, except denies knowledge and information sufficient to form a belief whether Ravedactyl was prominently displayed at the referenced event.

46. Denies each and every allegation set forth in paragraph 46 of the Complaint, and refers to the referenced article for its content.

47. Denies each and every allegation set forth in paragraph 47 of the Complaint.

48. Denies each and every allegation set forth in paragraph 48 of the Complaint.

49. Denies each and every allegation set forth in paragraph 49 of the Complaint.

50. Denies each and every allegation set forth in paragraph 50 of the Complaint, except admits that the first sketch of Elemental Hero Air Neos was created by Hatsuki Tsuji on or about June 28, 2006.

51. Admits the allegations set forth in paragraph 51 of the Complaint.

52. Denies each and every allegation set forth in paragraph 52 of the Complaint, except admits that Elemental Hero Air Neos is the product of the fusion of two prior Yu-Gi-Oh! characters, Elemental Hero Neos and Neo Spacian Air Hummingbird.

53. Denies each and every allegation set forth in paragraph 53 of the Complaint

54. Denies each and every allegation set forth in paragraph 54 of the Complaint, except admits that the Elemental Hero Air Neos characters are licensed exclusively to Konami Digital Entertainment Co., Ltd. by NAS for use in the trading card game and video games.

55. Denies each and every allegation set forth in paragraph 55 of the Complaint, except admits that the "Strike of Neos" set of the Yu-Gi-Oh! trading card game consists of 69 cards each featuring a different character and that this set was released in Japan on November 16, 2006.

56. Denies each and every allegation set forth in paragraph 56 of the Complaint.

57. Denies each and every allegation set forth in paragraph 57 of the Complaint.

58. Denies each and every allegation set forth in paragraph 58 of the Complaint, except admits that Elemental Hero Air Neos is an ultra-rare card.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

60. Denies each and every allegation set forth in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65. Denies each and every allegation set forth in paragraph 65 of the Complaint, and respectfully refer the Court to the referenced article for its contents.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint.

69. Denies each and every allegation set forth in paragraph 69 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning BCI and Ravedactyl.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint, except admits that Yu-Gi-Oh! was featured at the 2003 and 2007 Anime Conventions.

72. Denies each and every allegation set forth in paragraph 72 of the Complaint and respectfully refers the Court to the referenced article for its contents, except admits on information and belief that Mr. Takahashi attended Comic Con in San Diego in 2007.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint.

86. Denies each and every allegation set forth in paragraph 86 of the Complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint.

90. Denies each and every allegation set forth in paragraph 90 of the Complaint.

91. Denies each and every allegation set forth in paragraph 91 of the Complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint.

102. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Complaint.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint.

107. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Complaint.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Complaint.

110. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Complaint.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Complaint.

112. Denies each and every allegation set forth in paragraph 112 of the Complaint.

113. Denies each and every allegation set forth in paragraph 113 of the Complaint.

114. Denies each and every allegation set forth in paragraph 114 of the Complaint.

115. Denies each and every allegation set forth in paragraph 115 of the Complaint.

116. Denies each and every allegation set forth in paragraph 116 of the Complaint.

117. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Complaint.

118. Denies each and every allegation set forth in paragraph 118 of the Complaint.

119. Denies each and every allegation set forth in paragraph 119 of the Complaint.

120. Denies each and every allegation set forth in paragraph 120 of the Complaint.

121. Denies each and every allegation set forth in paragraph 121 of the Complaint.

122. Denies each and every allegation set forth in paragraph 122 of the Complaint.

123. Denies each and every allegation set forth in paragraph 123 of the Complaint.

124. Denies each and every allegation set forth in paragraph 124 of the Complaint.

125. Denies each and every allegation set forth in paragraph 125 of the Complaint.

126. Repeats and realleges its responses to paragraphs 1 through 108 of the Complaint.

127. Denies each and every allegation set forth in paragraph 127 of the Complaint.

128. Denies each and every allegation set forth in paragraph 128 of the Complaint.

129. Denies each and every allegation set forth in paragraph 129 of the Complaint.

130. Denies each and every allegation set forth in paragraph 130 of the Complaint.

131. Denies each and every allegation set forth in paragraph 131 of the Complaint.

132. Denies each and every allegation set forth in paragraph 132 of the Complaint.

133. Repeats and realleges its responses to paragraphs 1 through 108 of the Complaint.

134. Denies each and every allegation set forth in paragraph 134 of the Complaint.

135. Denies each and every allegation set forth in paragraph 135 of the Complaint.

136. Denies each and every allegation set forth in paragraph 136 of the Complaint.

137. Denies each and every allegation set forth in paragraph 137 of the Complaint.

138. Denies each and every allegation set forth in paragraph 138 of the Complaint.

139. Denies each and every allegation set forth in paragraph 139 of the Complaint.

140. Denies each and every allegation set forth in paragraph 140 of the Complaint.

141. Repeats and realleges its responses to paragraphs 1 through 108 of the Complaint.

142. Denies each and every allegation set forth in paragraph 142 of the Complaint.

143. Denies each and every allegation set forth in paragraph 143 of the Complaint

144. Denies each and every allegation set forth in paragraph 144 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

145. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

146. The character Elemental Hero Air Neos was created independently of any work allegedly created by Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

147. Any alleged copying is de minimis and is not actionable.

### FOURTH AFFIRMATIVE DEFENSE

148. Any injury allegedly suffered by Plaintiffs was not caused by any act or omission of Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

149. Any alleged use of Plaintiffs' alleged Ravedactyl character was a fair use and not actionable.

**SIXTH AFFIRMATIVE DEFENSE**

150. There is no substantial similarity between any protectible elements of Plaintiffs' Ravedactyl character and Elemental Hero Air Neos.

**SEVENTH AFFIRMATIVE DEFENSE**

151. Upon information and belief, Plaintiffs have failed to comply with the statutory formalities required by the Copyright Act to bring a copyright infringement action and thus they are barred from maintaining this action.

**EIGHTH AFFIRMATIVE DEFENSE**

152. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

153. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

154. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

155. The allegedly infringed aspects of Plaintiffs' Ravedactyl character are not original or protectible under the Copyright Act.

**TWELFTH AFFIRMATIVE DEFENSE**

156.    The allegedly infringed aspects of Plaintiffs' alleged Ravedactyl character constitute "scenes a faire" and are in the public domain.

**THIRTEENTH AFFIRMATIVE DEFENSE**

157.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

158.    Plaintiffs' claims are barred, in whole or in part, by doctrine of unclean hands.

WHEREFORE, Plaintiffs have failed to state a viable cause of action, their Complaint should be dismissed with prejudice, they are not entitled to any damages and Defendants should be awarded attorneys fees and costs.

Dated:    New York, New York
          June 24, 2008

PRYOR CASHMAN LLP

By: _____
Jamie M. Brickell (JB 0871)
Lisa M. Buckley (LB 5541)
Attorneys for Defendant Nihon Ad System, Inc.
410 Park Avenue
New York, New York  10022
(212) 421-4100